■ In the Matter of CARLOS M. MALDONADO, Also Known as CARLOS MARTINEZ, Also Known as CARLOS MALDONADO, a Person Alleged to be a Juvenile Delinquent, Appellant. NEW YORK CITY CORPORATION COUNSEL, Respondent.—Final order of disposition of the Family Court, New York County (Kathryn McDonald, F.C.J.), entered May 12, 1986, adjudicating appellant a juvenile delinquent and ordering appellant placed in a New York State Division for Youth, Title III facility for a period of up to 18 months, which order followed a fact-finding hearing and a determination that appellant committed acts, which, if committed by an adult, would constitute the crimes of attempted robbery in the second degree (two counts) and attempted assault in the second degree, modified, on the law, to reverse the fact-finding determination with respect to attempted felony assault, and to dismiss the charge in the petition of assault in the second degree, and, as modified, affirmed without costs.

Family Court found appellant guilty of the lesser included offense (CPL 1.20 [37]) of attempt to commit the crime of felony assault in the second degree (Penal Law § 120.05 [6]). But in *People v Conyers* (65 AD2d 437, 442, *affd* 49 NY2d 174, *vacated and remanded on other grounds* 449 US 809), we held that "[l]ike attempted felony murder, there is no such crime as attempted felony assault" *(see, People v Hendrix,* 56 AD2d 580, *affd* 44 NY2d 658). A different result may be reached where the conviction of an attempt to commit a crime, itself not involving intent, is obtained by way of a plea of guilty *(e.g., People v Foster,* 19 NY2d 150, attempt to commit manslaughter), but such was not the situation here, and accordingly, as the Corporation Counsel commendably concedes, this finding must be vacated.

Contrary to appellant's contention, the failure of the presentment agency to either locate or call the victim of this street assault was not fatal to the prosecution's attempted robbery case *(see, Matter of Kevin B.,* 128 AD2d 63; *People v Borrero,* 26 NY2d 430; *People v Shurn,* 69 AD2d 64). Indeed, nothing in this case rested upon any asportation of property as to which any issue of ownership could arise. On the contrary, a disinterested eyewitness who had prior acquaintance with appellant observed him (with an accomplice) push

the unknown victim to the sidewalk, stomp and mash the victim's head against the ground, and while appellant kept his foot on the victim's head, his coassailant proceeded to rip the victim's pants pockets with appellant's aid. This evidence, both direct (as to the assault) and circumstantial (as to the larcenous objective of the assault; *see, in this connection, People v Wachowicz,* 22 NY2d 369), amply supports the hearing court's determination that appellant committed acts, which, if committed by an adult, would constitute the crime of attempted robbery in the second degree. And although the hearing court specifically found that there was insufficient proof of actual physical injury, there was nevertheless sufficient proof of an *attempt to cause physical injury* which is adequate to sustain the convictions for attempted robbery. "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." (Penal Law § 110.00.) Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Wallach, JJ.