■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GOLLIVER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered April 10, 1985, convicting him of robbery in the second degree (two counts), grand larceny in the third degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Samenga, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Although the record does not contain findings of fact and conclusions of law issued by the hearing court in connection with that branch of the defendant's omnibus motion which was to suppress identification testimony, this court may make the necessary findings where, as here, there was a full and fair hearing on the motion to suppress and an adequate record has been made (see, *People v Whitaker*, 126 AD2d 688; *People v White*, 117 AD2d 127, 130, *lv denied* 68 NY2d 818).

Accordingly, we have reviewed the record and find that Judith Lennox was able to view, at close range and in good lighting for a period of 10 minutes, a young man dressed in blue jeans, a hooded sweatshirt and a ski cap who had a gun and who forced her to turn over the contents of the cash register of the Diplomat Motel on May 6, 1983. Ollie Roeback viewed the gunman during the robbery for a total of five minutes, in good light. Detective Christopher Poppe showed photographs of eight persons who appeared to be in their early twenties separately to Lennox and Roeback, placing the photographs in a viewing board. Only the face and part of the chest of each person could be seen through the viewing board. There was no testimony adduced that either witness could see the dates on the front of the photographs or viewed the backs

of the photographs, some of which had birth dates on them. All the photographs were black and white, and the photograph of the defendant contained no distinctive characteristics to make it stand out from the other photographs.

Under the circumstances, we find that none of the witnesses' identifications were tainted by suggestive police procedures. The photographic array used by the police in obtaining the identifications of the defendant was not suggestive. The photograph of the defendant was not highlighted in any way. The other photographs were similar to that of the defendant. The fact that birth dates appeared on the backs of the photographs is not relevant, as the witnesses did not view the backs of the photographs (see, People v Dozier, 131 AD2d 587; People v Mason, 123 AD2d 720, lv denied 69 NY2d 714).

In any event, the People established by clear and convincing evidence at the Wade hearing that the proffered in-court identifications had an independent origin based upon the witnesses' opportunity to clearly view the defendant in good light and in close quarters during the commission of the crime (see, People v Whitaker, supra; People v Jones, 125 AD2d 333, lv denied 69 NY2d 829; People v Malphurs, 111 AD2d 266, 268, lv denied 66 NY2d 616, 920).

We decline to reduce the defendant's sentence (see, People v Suitte, 90 AD2d 80, 85-86). Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.