■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HAZEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered April 10, 1986, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

It was established during the plea allocution that the defendant forcibly stole a quantity of United States currency from a bank after passing the teller a note in which he demanded money and declared that he had a gun. In addition to the threatening note, the defendant carried a portfolio in which he kept his hand throughout the course of the robbery in such a manner as to convey to the teller the impression that there was a handgun in the portfolio. Contrary to the defendant's assertions, the evidence was sufficient to establish that he had displayed what appeared to be a firearm within the meaning of Penal Law § 160.15 (4) *(see, People v Saez,* 69 NY2d 802, 804; *People v Baskerville,* 60 NY2d 374, 381; *cf., People v Copeland,* 124 AD2d 669, 670, *lv denied* 69 NY2d 710). Accordingly, the court did not err in accepting the defendant's plea of guilty to the crime of robbery in the first degree and his accompanying waiver of any available affirmative defenses.

There is no sound reason to disturb the sentence imposed *(see, People v Neal,* 118 AD2d 815, 816, *lv denied* 67 NY2d 1055). Mangano, J. P., Brown, Lawrence, Weinstein and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HINES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered November 2, 1984, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Brown, Lawrence, Weinstein and Kunzeman, JJ., concur.