■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE WEATHERLY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered October 2, 1984, convicting him of attempted robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the People failed to prove his guilt of attempted robbery in the first and second degrees beyond a reasonable doubt. Viewing the evidence at trial in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction.

The defendant's conviction of attempted robbery in the first degree was predicated upon Penal Law § 160.15 (4), which requires, *inter alia,* proof of the commission of a robbery by the display of what appears to be a firearm. Contrary to the defendant's contention, the People did not have the burden of proving that what was displayed in the course of the robbery was in fact a firearm *(see, People v Reid,* 140 AD2d 639). Rather, the evidence adduced must establish that the defendant or an accomplice "consciously display[ed] something that could reasonably be perceived as a firearm * * *. Furthermore, the display must actually be witnessed * * * by the victim, i.e., it must appear to the victim by sight, touch or sound that he is threatened by a firearm" *(People v Baskerville,* 60 NY2d 374, 381).

At bar, the complainant testified that he and his seven-year-old son were followed from an all-night delicatessen by the defendant, his codefendant Reginald McFarland and a third, unapprehended person. After the three surrounded the complainant and his son, the unidentified accomplice, holding his hand in his coat pocket, said "Freeze. Anything other than that, I will shoot you and the damn kid". The accomplice's action of putting his hand in his pocket, when viewed in combination with his threat to kill was clearly sufficient to bring the act within the statutory requirement *(see, People v Smith,* 142 AD2d 619).

With regard to the conviction for attempted robbery in the second degree, we find that the evidence was legally sufficient to establish that the complainant suffered "physical injury" within the meaning of Penal Law § 10.00 (9) necessary to

sustain the defendant's conviction under that count. There was proof that the defendant struck the 60-year-old complainant on the right temple with his fist causing him to fall to his knees. The codefendant then pushed him over, and the defendant and codefendant together jumped on top of the complainant in an effort to remove his wallet from his pocket. As a result, the complainant's knee was swollen and painful and he was immobilized for about three weeks. Thus, the jury's finding that the injuries suffered by the complainant constituted "physical injury" is fully supported by the record *(see, People v Bogan,* 70 NY2d 860, *rearg denied* 70 NY2d 951; *People v Rojas,* 61 NY2d 726; *People v Esquilin,* 141 AD2d 838; *People v Williams,* 127 AD2d 718, *lv denied* 69 NY2d 1011).

The defendant's further contention that the submission of verdict sheets to the jury deprived him of a fair trial is not preserved for appellate review (CPL 470.05 [2]; *People v Battles,* 141 AD2d 748; *People v Monroe,* 135 AD2d 741). Moreover, reversal in the interest of justice is not required because the defendant consented to the submission of the verdict sheets *(see, People v Nimmons,* 72 NY2d 830; *cf., People v Testaverde,* 143 AD2d 209).

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.