■ In the Matter of ANTHONY C., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency

proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Nason, J.), dated July 7, 1988, which, upon a fact-finding order of the same court, dated July 7, 1988, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree, attempted robbery in the third degree, attempted grand larceny in the fourth degree, and resisting arrest, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title III, for a period not to exceed 18 months including confinement in a residential facility for a minimum period of 6 months. The appeal brings up for review the fact-finding order dated July 7, 1988.

Ordered that the order is affirmed, without costs or disbursements.

The appellant contends that the petitioner failed to prove the element of intent with respect to the crimes of attempted robbery and attempted grand larceny, and that they failed to prove the element of an authorized arrest with respect to the crime of resisting arrest. Viewing the evidence adduced at trial in a light most favorable to the petitioner (cf., People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt. The testimony of the arresting officers established that the appellant had the requisite intent to commit attempted robbery and attempted larceny and that he had resisted arrest.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (cf., CPL 470.15 [5]). The evidence adduced at trial clearly establishes that the appellant and two accomplices chased the complainant, threatened him with severe bodily harm, and searched his person. The record also reveals that the appellant and his accomplices attempted to run when confronted by the arresting officers and that the appellant maneuvered his body in such a way as to make it extremely difficult to handcuff him.

Finally, the failure of the presentment agency to either locate or call the complainant as a witness at the fact-finding hearing was not fatal to the prosecution's attempted robbery case because the testimony of the arresting officers, who witnessed the incident, was sufficient to establish the appellant's guilt (Matter of Maldonado, 131 AD2d 367). Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.