■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS ALLEN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE PURNELL, Appellant.—Judgment of the Supreme Court, Bronx County (Joseph Mazur, J.),

rendered April 20, 1987, convicting Morris Allen, after a jury trial, of two counts of rape in the first degree, sodomy in the first degree and assault in the first degree, and sentencing defendant to three concurrent indeterminate terms of 8⅓ to 25 years' imprisonment for the rape and sodomy convictions, and a consecutive indeterminate term of 1⅔ to 5 years' imprisonment for the assault conviction, unanimously affirmed.

Judgment of the Supreme Court, Bronx County (Joseph Mazur, J.), rendered April 20, 1987, convicting Andre Purnell, after a jury trial, of rape in the first degree, two counts of sodomy in the first degree and assault in the first degree and sentencing him to three concurrent indeterminate terms of 8⅓ to 25 years' imprisonment for the rape and sodomy convictions and a consecutive indeterminate term of 5 to 15 years' imprisonment for the assault conviction, unanimously affirmed.

The complainant testified that she was raped by Morris Allen in the apartment of Brian Roberts on the evening of February 23, 1985. After leaving the apartment, she was set upon again and, raped by Allen, Roberts and Andre Purnell in a park. Thereafter, Allen and Purnell orally sodomized her. When the complainant bit Purnell's member, Purnell brutally performed anal sodomy on her, physically assisted by Allen and Roberts during which time the complainant's hair was cut off, and she was slashed on the buttocks and legs with a box cutter.

The evidence was sufficient to support the defendants' convictions of rape and sodomy beyond a reasonable doubt, despite the fact that the complainant had been drinking, especially since the complainant's testimony was corroborated in almost every essential respect by the testimony of Roberts, who pleaded guilty and cooperated with the prosecution. With regard to the assault charge, the conflict in the testimony of the complainant and Roberts as to whether it was Purnell or Allen who actually cut the complainant is without legal significance since they were charged with acting in concert with each other. Medical testimony revealed multiple superficial lacerations to the complainant's leg and buttocks, at least one laceration requiring stitches, contusions to the pelvic and abdominal area, and a conjunctive hemorrhage in her eye. The complainant testified that scars remained two years after the attack. The complainant's injuries satisfy the requirement in Penal Law § 120.10 (2) that the defendant, "[w]ith intent to disfigure another person seriously and permanently * * *

causes such injury to such person" (see, People v Matos, 107 AD2d 823; compare, People v Kern, 75 NY2d 638, 658).

We find no abuse of discretion in the court's Sandoval ruling permitting the prosecutor to cross-examine Purnell about the underlying facts of a robbery in the second degree which resulted in a youthful offender adjudication, while prohibiting the prosecutor from inquiring about Purnell's possession of a gun during the commission of that offense (People v Greer, 42 NY2d 170, 176). Nor was it error to admit into evidence photographs of the complainant, one of which depicted her disrobed from the buttocks down. Photographic evidence may be admissible if it tends to prove or disprove a disputed or material issue (here the questions of consent to the sexual acts, and the "serious physical injury" and "intent to disfigure" components of first degree assault), and it should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant (People v Pobliner, 32 NY2d 356, 369, cert denied 416 US 905; People v Bell, 63 NY2d 796, 797; see generally, People v Scarola, 71 NY2d 769, 777).

In view of the brutality of the crimes and Purnell's prior adjudication as a youthful offender for armed robbery, for which he was on probation when the instant crimes were committed, we do not find the sentences imposed to be unduly harsh so as to constitute an abuse of discretion (People v Suitte, 90 AD2d 80, 85-86). We have considered the other arguments raised by defendants and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro and Milonas, JJ.