■ The People of the State of New York, Respondent, v Tommy Grullon, Appellant.—Judgment, Supreme Court, New York County (Richard Lowe, J.), rendered December 9, 1988, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of from 4-½ to 9 years, unanimously affirmed.

Defendant was arrested as a result of a "buy and bust" operation. The undercover officer made a drive-by identification soon after the arrest, as well as a confirmatory identification several hours later at the precinct.

The trial court properly denied defendant's motion to suppress the undercover officer's identification of defendant. The initial identification was the ordinary and proper completion of the drug purchasing operation *(People v Morales,* 37 NY2d 262, 271), and the second precinct house identification by the undercover officer was not impermissibly suggestive. *(People v Wharton,* 74 NY2d 921.)

Defendant's claim that the court improperly restricted trial counsel's cross-examination, or that the court sacrificed defendant's right to a fair trial on the ground that defendant was prevented from questioning the undercover officer as to his use of narcotics while undercover, is without merit. The scope of cross-examination lies in the sound discretion of a Trial Judge *(People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846), and no abuse of discretion has been demonstrated here. Concur—Ellerin, J. P., Wallach, Ross, Asch and Smith, JJ.