■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON NADAL, Appellant. [617 NYS2d 351] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (LaCava, J.), rendered July 19, 1993, convicting him of unauthorized use of a motor vehicle in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to support his conviction of unauthorized use of a motor vehicle in the third degree is not preserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Allen, 165 AD2d 786).

Although the defendant presented evidence that he never entered the admittedly stolen automobile but had merely stopped his own vehicle and approached the stolen vehicle because it was blocking the path of his vehicle, the court rejected the defendant's explanation that he had been driving to the hospital in the company of his wife, his brother, and his brother's girlfriend in order to obtain treatment for his brother's throat problems. Rather, the court credited the testimony of the police officers who contended that the defendant was alone and had been driving the automobile when he was

apprehended shortly before 6:00 A.M. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of facts, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.