■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDO DOMINGUEZ, Appellant. [620 NYS2d 257] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lewis, J.), rendered January 26, 1993, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and sentencing him to three concurrent terms of 2 to 6 years imprisonment.

Ordered that the judgment is modified, on the law, by reducing the term of imprisonment for grand larceny in the fourth degree from 2 to 6 years to 1⅓ to 4 years; as so modified, the judgment is affirmed.

The defendant's contention that the court allegedly restricted his cross-examination of the complainant at the hearing to determine whether the complainant was sufficiently familiar with the defendant to render a *Wade* hearing unnecessary *(see, People v Rodriguez,* 79 NY2d 445; *People v Williamson,* 79 NY2d 799), is unpreserved for appellate review *(see, People v Johnson,* 201 AD2d 384). In any event, the claim is without merit. It is well settled that the scope of cross-examination rests largely in the sound discretion of the court *(see, Matter of Devanand S.,* 188 AD2d 533; *People v Grullon,* 177 AD2d 398). The hearing court is vested with authority to regulate the taking of oral testimony and to manage the conduct of the examination of witnesses *(see, People v Harrison,* 151 AD2d 778). Here, the court properly sustained an objection to a facially improper question propounded by the defendant's hearing counsel and conducted its own brief questioning of the complainant. The court's questioning clarified the complainant's previous testimony and focused the inquiry on the central issue of the hearing—the complainant's familiarity with the defendant *(see, People v Williamson, supra).*

As the People correctly concede, the term of imprisonment of 2 to 6 years for grand larceny in the fourth degree was illegal since it exceeded the maximum prison term authorized by law *(see,* Penal Law § 70.00 [2] [e]; [3] [b]). We have reduced the sentence on the above count to the legally permissible

maximum indeterminate term of 1⅓ to 4 years imprisonment *(see, People v Satchell,* 194 AD2d 756).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.