■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL GUERRIERO, Appellant. [633 NYS2d 597] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered February 25, 1994, convicting him of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a passenger in the complainant's taxicab, told the complainant to get out of the car "or I'll kill you", and pointed to his back, along his waist, as his female companion announced that the defendant had a gun. The complainant testified: "I didn't take any chance. I just got out [of the taxicab]". The defendant's gesture which, under the circumstances, "conspicuously and consciously conveyed the impression" that the defendant was reaching for a gun, was sufficient to establish the defendant's guilt of robbery in the second degree upon the theory that the defendant displayed what appeared to be a firearm *(People v Lopez,* 73 NY2d 214, 222; *see,* Penal Law § 160.10 [2] [b]; *People v Haney,* 162 AD2d 613; *People v Smith,* 142 ADd 619; *People v Hazel,* 133 AD2d 847).

During the course of the trial the defendant asked for leave to admit in evidence the Grand Jury testimony of his deceased codefendant. The defendant asserted that the Grand Jury testimony was admissible pursuant to the principles enunciated in *People v Tinh Phan* (150 Misc 2d 435, 438-439, *affd* 208 AD2d 659), which held that a defendant may introduce secondary forms of evidence such as Grand Jury testimony in evidence in a criminal proceeding if "the evidence is material to the defense", the People had a full and fair opportunity to cross-examine the witness before the Grand Jury, and the witness is no longer available. There is no ruling on the record denying that application, but counsel later noted on the record that the application had been denied. Consequently the issue of the admissibility of that testimony *(cf., People v Terry,* 148 AD2d 478) was preserved for appellate review.

However, the application was properly denied since the Grand Jury testimony was not material to the defendant's defense. The codefendant did not contradict the victim or any of the other witnesses for the prosecution in any material respect *(see, Rosario v Kuhlman,* 839 F2d 918). At one point the codefendant testified that the victim armed himself with a crowbar. However, he acknowledged that he "didn't see this" and that the information regarding the crowbar had been told to him after the event. The codefendant's testimony as to what

other people told him was inadmissible as hearsay *(see,* Annotation, *Former Testimony Used at Subsequent Trial as Subject to Ordinary Objections and Exceptions,* 40 ALR4th 514).

The defendant's remaining contentions are without merit. Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.