■ In the Matter of MARC DD., a Child Alleged to be a Juvenile Delinquent, Appellant. MICHAEL C. LYNCH, as Albany County Attorney, Respondent. [652 NYS2d 847] —White, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered January 29, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

A petition was filed against respondent seeking to adjudicate

him a juvenile delinquent as the result of an incident in which he and an accomplice knocked down an elderly woman and attempted to take her pocketbook. After a fact-finding hearing, Family Court found respondent guilty of the charges alleged in the petition, which would constitute the crime of attempted robbery in the second degree if committed by an adult, and adjudicated him to be a juvenile delinquent. Respondent challenges Family Court's disposition, arguing that it is not supported by the evidence adduced at the hearing, particularly the testimony of the accomplice which is not supported by corroborative evidence tending to connect him to the crime. Based upon our review of the record, we find respondent's arguments unavailing.

The victim of the assault testified that she was walking along the street when two boys came running down the street from behind her and pushed her to the ground. Although she was unable to identify the boys, she stated that one of them tried to take her pocketbook while she was lying on the ground. She stated that he fled when he saw a car full of kids approach to assist her. The driver of the approaching car, Jason Chaplain, stated that he was driving around with some friends when he saw respondent and an accomplice running down the street and the victim lying on the ground. He stated that he recognized both boys and identified respondent as one of them at the hearing. He stated, however, that he did not see them try to take the victim's pocketbook. The accomplice testified that he and respondent were running down the street when respondent grabbed the straps of the victim's pocketbook and pulled her to the ground. He stated that respondent tried to take the victim's pocketbook, but released it and kept running.

Viewing the above testimony in the light most favorable to the presentment agency (*see, Matter of Shellito D.*, 226 AD2d 1075, 1076), we find that the evidence is sufficient to support Family Court's finding that respondent committed acts which would constitute the crime of attempted robbery in the second degree if committed by an adult (*see, Matter of Brion H.*, 161 AD2d 832, 833-834; *Matter of Maldonado*, 131 AD2d 367, 368). The testimony of Chaplain and the victim adequately connected respondent to the commission of the crime so as to corroborate the testimony of the accomplice (*see, People v Steinberg*, 79 NY2d 673, 683; *People v Sledge*, 223 AD2d 922, 925, *lv denied* 88 NY2d 854). Therefore, we find no reason to disturb the order adjudicating respondent to be a juvenile delinquent.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.