■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY ROBINSON, Appellant. [670 NYS2d 880] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered August 28, 1991, convicting him of murder in the second degree, and robbery in the first degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of 22 years to life imprisonment on the conviction of murder in the second degree and indeterminate terms of 3 to 9 years imprisonment on the convictions of robbery in the first degree to run concurrently with each other and consecutively to the sentence imposed on the conviction of murder in the second degree. The appeal brings up for review the denial, after a hearing (Starkey, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which directed that the sentence imposed on the defendant's conviction of murder in the second degree run consecutively to the sentences imposed on the convictions of robbery in the first degree, and substituting therefor a provision that the sentence imposed on the conviction of murder in the second degree run concurrently to sentences imposed on the convictions of robbery in the first degree; as so modified, the judgment is affirmed.

There is no basis for disturbing the hearing court's finding that the testimony of the defendant's mother was not credible, and we therefore reject the contention that the lineup identification testimony should have been suppressed because the defendant's right to counsel was violated (*see, People v Lockhart*, 220 AD2d 690). Nor are we persuaded that the People's delay in turning over the names and addresses of two eyewitnesses to the crime to defense counsel constituted a *Brady* violation (*see, Brady v Maryland*, 373 US 83). Although these

witnesses could not be located and therefore did not testify, prior to trial the People turned over to defense counsel copies of the statements they gave police. The defendant did not attempt to introduce them into evidence or otherwise use them at trial, and his contention that the statements should have been admitted into evidence is therefore unpreserved (*see*, CPL 470.05 [2]). Moreover, the statements did not tend to exculpate the defendant, and therefore, earlier disclosure would not have helped the defendant's case or changed his trial strategy (*see, People v Vilardi*, 76 NY2d 67, 77; *People v Estela*, 177 AD2d 646).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]). Although the testimony of the People's witnesses was inconsistent with regard to whether it was the defendant or his cohort who stabbed the victim, this conflict was legally insignificant, since the defendant was tried under an acting in concert theory (*see, People v Allen*, 165 AD2d 786).

The defendant's constitutional right to a speedy trial was not violated (*see*, CPL 30.20 [1]; *People v Taranovich*, 37 NY2d 442). Although the delay was lengthy, not all of it was attributable to the People, and the defendant failed to establish that he was prejudiced (*see, People v McKenzie*, 212 AD2d 641; *People v Rosado*, 166 AD2d 544). Nor did the trial court improperly deny the defendant's request to charge the jury with the affirmative defense to felony murder set forth in Penal Law § 125.25 (3). No reasonable view of the evidence would have allowed the jury to conclude that the defendant did not aid in the commission of the homicide (*see, People v Diaz*, 177 AD2d 500).

As the People correctly concede, the defendant's sentence for murder in the second degree (felony murder) must be modified to run concurrently with the sentences imposed on the convictions of robbery in the first degree (*see*, Penal Law § 70.25 [2]). The sentences imposed were not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.