■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN PEAKS, Appellant. [747 NYS2d 170]

The court properly declined to submit robbery in the third degree as a lesser included offense of robbery in the second degree since there was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser offense but not the greater. Each victim's testimony that defendant held his hand inside his pocket in a manner making it appear that he was holding a gun, and that defendant also threatened to shoot the victims, constituted an integrated whole (*see People v Negron*, 91 NY2d 788). Such testimony clearly established that defendant displayed what appeared to be a firearm within the meaning of Penal Law § 160.10 (2) (b). There was no evidence suggesting that the robbery was committed in some other manner (*see People v Whitfield*, 287 AD2d 393, *lv denied* 97 NY2d 689), particularly since defendant testified that there was no robbery at all (*see People v Ruiz*, 216 AD2d 63, *affd* 87 NY2d 1027).

We find the sentence to be excessive to the extent indicated.

The contentions contained in defendant's pro se supplemental brief are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Saxe, Buckley, Ellerin and Marlow, JJ.