■ In the Matter of ROSALIS D., a Person Alleged to be a Juvenile Delinquent, Appellant. [758 NYS2d 535] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated June 25, 2002, as, in effect, amended by an order of the same court, dated February 28, 2003, which, upon a fact-finding order of the same court, dated March 15, 2002, made after a hearing, and upon her admission, finding that the appellant had committed an act, which, if committed by an adult, would have constituted the crime of menacing in the third degree, adjudicated the appellant to be a juvenile delinquent, and placed her with the New York State Office of Children and Family Services until March 5, 2003. The appeal brings up for review the fact-finding order dated March 15, 2002.

Ordered that the appeal from so much of the order of disposition, as, in effect, amended by the order dated February 28, 2003, which placed the appellant with the New York State Office of Children and Family Services until March 5, 2003, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant failed to preserve her challenge to the legal sufficiency of her admission for appellate review (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *Matter of Haile B.,* 252 AD2d 497 [1998]; *Matter of Gregory B.,* 242 AD2d 296 [1997]). In any event, the admission was legally sufficient to establish that the appellant committed an act which, if committed by an adult, would have constituted the crime of menacing in the third degree (*see* Penal Law § 120.15). Contrary to the appellant's contention, the admission demonstrated that the complainant had a well-founded fear of serious physical injury (*compare Matter of Michael H.,* 294 AD2d 364 [2002]; *see Matter of Steven W.,* 294 AD2d 370 [2002]; *Matter of Akida L.,* 170 AD2d 680 [1991]).

The appellant's challenge to her placement with the New York State Office of Children and Family Services until March 5, 2003, is academic, since the placement period has expired (*see Matter of Yuan Tung C.,* 296 AD2d 323 [2002]; *Matter of Anthony G.,* 247 AD2d 792 [1998]; *Matter of Christopher H.,* 198 AD2d 120 [1993]).

The appellant's remaining contention has been rendered academic. Santucci, J.P., Smith, McGinity and Schmidt, JJ., concur.