■ In the Matter of JOHN F., a Person Alleged to be a Juvenile Delinquent, Appellant. [784 NYS2d 607]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated July 15, 2003, which, upon a fact-finding order of the same court dated February 6, 2003, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted grand larceny in the fourth degree, menacing in the third degree, and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 24 months. The appeal brings up for review the fact-finding order dated February 6, 2003.

Ordered that the order of disposition is modified, on the law and the facts, by deleting the provision thereof setting forth that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted petit larceny; as so modified, the order of disposition is affirmed, without costs or disbursements.

The evidence adduced at the fact-finding hearing reveals that on June 21, 2002, at approximately 2:30 A.M., the appellant and another youth approached the complainant on a southbound "L" train. There was only one other person in the car, who was asleep at the other end of the car. The appellant and the other youth stood a few feet in front of the complainant. The appellant asked the complainant if he had anything in his pocket, as he and the other youth produced two wooden sticks from their pants, each holding one stick in his right hand at his side. The complainant hesitated and then said "What?" The appellant

then asked the complainant what he had in his pockets, as he shook the stick in his hand. The complainant said "Excuse me?" The appellant then told the complainant to give him what was in his pockets, as he shook the stick in his right hand. The complainant testified that he "feared bodily harm."

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Quanel M.*, 8 AD3d 386 [2004]), we are satisfied that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted grand larceny in the fourth degree (*see* Penal Law §§ 110.00, 155.30 [5]) and menacing in the third degree (*see* Penal Law § 120.15). Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact with respect to attempted grand larceny in the fourth degree and menacing in the third degree were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

We note that the Family Court incorrectly stated in the order of disposition that it had found that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted petit larceny, instead of criminal possession of a weapon in the fourth degree, which the Family Court had found the appellant had committed in the fact-finding order of February 6, 2003. The Family Court dismissed the attempted petit larceny charge in the fact-finding order, but nevertheless included that charge in the order of disposition. Therefore, we modify the order of disposition by deleting the provision regarding attempted petit larceny. Nevertheless, based on the factual findings of the Family Court that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted grand larceny in the fourth degree and menacing in the third degree, we otherwise affirm the disposition. Altman, J.P., Crane, Fisher and Lifson, JJ., concur.