■ In the Matter of WILLIE W., a Person Alleged to be a Juvenile Delinquent, Appellant. [819 NYS2d 478]—

In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Bogacz, J.), dated May 31, 2005, which, upon a fact-finding order of the same court dated May 19, 2005, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the third degree, attempted grand larceny in the fourth degree, and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 15 months. The appeal brings up for review the fact-finding order dated May 19, 2005.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Quanel M.,* 8 AD3d 386 [2004]), we find that it

was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the third degree (*see* Penal Law §§ 110.00, 160.05; *Matter of Anthony C.*, 155 AD2d 537 [1989]), attempted grand larceny in the fourth degree (*see* Penal Law §§ 110.00, 155.30 [5]; *Matter of John F.*, 12 AD3d 509, 510 [2004]; *cf. Matter of Shawn V.*, 4 AD3d 369, 370 [2004]), and menacing in the third degree (*see* Penal Law § 120.15; *Matter of Corey C.*, 23 AD3d 461, 462 [2005]). With respect to menacing in the third degree, we find that the complainant had a well-founded fear of serious physical injury after the appellant grabbed the complainant's neck and raised a clenched fist near his face (*see Matter of Rosalis D.*, 305 AD2d 407, 408 [2003]).

Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Jabari W.*, 18 AD3d 767 [2005]; *Matter of James B.*, 262 AD2d 480, 481 [1999]). The determination of a Family Court Judge sitting as trier of fact is to be accorded the same weight as that given to a jury verdict, and its determination should not be disturbed unless clearly unsupported by the record (*see Matter of Gabriel A.*, 12 AD3d 666, 667 [2004]; *Matter of James B., supra* at 481). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.