■ In the Matter of INDIA G., a Person Alleged to be a Juvenile Delinquent, Appellant. [834 NYS2d 475]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Spodek, J.), dated July 14, 2006, which, upon a fact-finding order of the same court dated May 2, 2006, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted robbery in the second degree (two counts), attempted grand larceny in the fourth degree, menacing in the second degree, and menacing in the third degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 14 months.

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that she committed acts which, if committed by an adult, would have constituted the crime of menacing in the third degree and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792 [1987]),

we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree (*see Matter of Juan J.,* 81 NY2d 739, 740-741 [1992]; *cf. People v Allah,* 71 NY2d 830, 832 [1988]; *People v Mejia,* 297 AD2d 755 [2002]), attempted robbery in the second degree (two counts) (*see Matter of Juan J., supra; Matter of Louis V.,* 288 AD2d 38 [2001]; *Matter of Marc H.,* 284 AD2d 211 [2001]; *cf. People v Allah, supra; People v McDonald,* 257 AD2d 695 [1999]), attempted grand larceny in the fourth degree (*see Matter of Willie W.,* 32 AD3d 479 [2006]; *Matter of John F.,* 12 AD3d 509 [2004]), and menacing in the second degree (*see Matter of Kadeem W.,* 5 NY3d 864 [2005]; *Matter of Juan J., supra; cf. People v Allah, supra*).

However, as the presentment agency correctly concedes, the count of menacing in the third degree constituted a lesser included offense of the count of menacing in the second degree (*cf.* CPL 1.20 [37]; 300.40 [3] [b]). Therefore, we dismiss that count of the petition.

The appellant's remaining contentions are without merit. Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.