■ In the Matter of ANDRE S., a Person Alleged to be a Juvenile Delinquent, Appellant. [858 NYS2d 775]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated November 14, 2006, which, upon a fact-finding order dated September 29, 2006, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree (two counts), menacing in the third degree (two counts), and grand larceny in the fourth degree (two counts), adjudged him to be a juvenile delinquent and directed that he be placed on probation for a period of 24 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed, against the complainant O'Leary, acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, menacing in the third degree, and grand larceny in the fourth degree, and substituting therefor a provision dismissing those counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant was charged with, inter alia, robbery in the first degree, menacing in the third degree, and grand larceny in the fourth degree stemming from an incident in which he allegedly robbed two persons. In an order dated October 14, 2005 the Criminal Court removed the matter to the Family Court pursuant to CPL 180.75. After a fact-finding hearing, the Family Court found that the appellant had committed acts that, if committed by an adult, would have constituted the crimes of robbery in the first degree (two counts), menacing in the third degree (two counts), and grand larceny in the fourth degree

(two counts). The Family Court ordered the appellant placed on probation for a period of 24 months.

As the Presentment Agency correctly concedes, the petition was facially insufficient as to the counts involving the complainant O'Leary because it failed to set forth sworn nonhearsay allegations for purposes of those counts (*see* Family Ct Act § 311.2). Thus, those counts of the petition pertaining to the complainant O'Leary should have been dismissed.

The appellant contends on appeal that the Family Court petition was jurisdictionally deficient in that, inter alia, the supporting depositions executed by an Assistant District Attorney and by the complainant Taylor were not properly verified. However, the supporting depositions, which were executed in accordance with CPL 100.30 (1) (d), are sufficient for the purposes of the petition (*see* Family Ct Act § 311.1 [7]; CPL 100.30 [1] [d]; *Matter of Lamont D.,* 247 AD2d 615, 616 [1998]). Further, the petition, when read in its entirety, contained "non-hearsay allegations of the factual part of the petition or of any supporting depositions [to] establish, if true, every element of each crime charged and the [appellant's] commission thereof" (Family Ct Act § 311.2 [3]; *see* Family Ct Act § 311.1 [7]; *Matter of Desmond J.,* 93 NY2d 949, 951 [1999]). Specifically, the petition sufficiently alleged the elements of the charged offenses of, inter alia, robbery in the first degree (*see People v Lopez,* 73 NY2d 214, 222 [1989]; *People v Peaks,* 297 AD2d 578, 579 [2002]; *People v Guerriero,* 221 AD2d 560, 561 [1995]; *People v Ruiz,* 216 AD2d 63, 64 [1995], *affd* 87 NY2d 1027 [1996]; *People v Weatherly,* 144 AD2d 509 [1988]), and menacing in the third degree (*see Matter of Monay W.,* 33 AD3d 809, 810 [2006]; *Matter of John F.,* 12 AD3d 509, 510 [2004]; *Matter of Rosalis D.,* 305 AD2d 407, 408 [2003]).

Contrary to the appellant's contention, this Court may review a suppression determination in the absence of findings of fact and conclusions of law if "there was a full and fair hearing on the motion to suppress and an adequate record has been made" (*People v Golliver,* 132 AD2d 618, 618 [1987]; *see People v Rudolph,* 266 AD2d 568 [1999]; *People v Matthews,* 222 AD2d 457 [1995]; *People v Brown,* 113 AD2d 893, 894 [1985]; *see also* CPL 710.60 [6]). Here, the record of the suppression hearing reflects that the complainant Taylor identified the appellant as part of his in-court testimony based upon his independent observations (*see People v Thomas,* 51 NY2d 466, 474-475 [1980]), notwithstanding any impropriety in the pretrial identification procedures (*see People v Adelman,* 36 AD3d 926, 927 [2007]; *People v Radcliffe,* 273 AD2d 483, 484 [2000]; *People v Hyatt,* 162 AD2d 713, 714 [1990]).

In particular, the complainant Taylor testified that he had an unobstructed view of the appellant while the appellant walked alongside him for a distance of approximately one-half block before the robbery, and also observed the appellant while handing his property to him. Thus, the Family Court did not err in admitting the identification testimony.

Viewing the evidence in the light most favorable to the Presentment Agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Charles S.,* 41 AD3d 484, 485 [2007]), we find that it was legally sufficient to support the findings in the fact-finding order that the appellant committed an act which, if committed by an adult, would have constituted robbery in the first degree against Taylor (*see* Penal Law § 160.15 [4]; *People v Lopez,* 73 NY2d at 222; *People v Guerriero,* 221 AD2d at 561; *People v Ruiz,* 216 AD2d at 63-64; *People v Weatherly,* 144 AD2d at 509). The Family Court also properly found that there was legally sufficient evidence that the appellant committed an act which, if committed by an adult, would have constituted menacing in the third degree (*see Matter of Monay W.,* 33 AD3d at 810; *Matter of John F.,* 12 AD3d at 509-510; *Matter of Rosalis D.,* 305 AD2d at 408).

Resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Anthony R.,* 43 AD3d 939 [2007]; *Matter of Charles S.,* 41 AD3d 484 [2007]; *Matter of Christian M.,* 37 AD3d 834 [2007]; *cf. People v Romero,* 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero,* 7 NY3d 633 [2006]).

Finally, the appellant contends that the Family Court erred in denying his request to play at the fact-finding hearing the tape of the complainant's 911 telephone call for purposes of impeachment. The nature and proper scope of cross-examination is a matter generally left to the sound discretion of the hearing court (*see People v Schwartzman,* 24 NY2d 241, 244 [1969], *cert denied* 396 US 846 [1969]; *People v Roussopoulos,* 261 AD2d 559 [1999]). Here, the court providently exercised that discretion, particularly since the attorney for the appellant cross-examined the witness regarding the substance of the 911 tape (*see People v Hemphill,* 247 AD2d 339 [1998]; *People v Rowe,* 236 AD2d 637, 638 [1997]; *People v Dominguez,* 210 AD2d 249, 250 [1994]). Further, the court providently exercised its discre-

tion in declining to sanction the Presentment Agency for failing to produce the 911 tape during the fact-finding hearing, since the Presentment Agency provided the attorney for the appellant with the opportunity to review and copy the tape, as well as the "sprint" report, prior to the fact-finding hearing (*see* CPL 240.45; *People v Bailey,* 24 AD3d 106 [2005]; *Matter of Jason A.,* 7 AD3d 791 [2004]; *see also People v Robinson,* 249 AD2d 333, 334 [1998]). Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.