(June 23, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH McNEIL, Appellant. [881 NYS2d 417]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered December 10, 2007, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 18 years to life, unanimously affirmed.

The court properly declined to submit third-degree robbery as a lesser included offense, since there was no reasonable view of the evidence, viewed most favorably to defendant, that he took the victim's property by means of some kind of force other than display of what appeared to be a firearm (*see e.g. People v Peaks*, 297 AD2d 578 [2002], *lv denied* 99 NY2d 562 [2002]). The victim testified that defendant simulated a firearm by gesturing with his hand in his pocket and threatened to shoot her, thereby forcing her to accompany him to a nearby bank and withdraw funds from an automated teller machine. "The victim testified that defendant [simulated] a gun. No other evidence, viewed reasonably, contradicted that testimony" (*People v James*, 11

NY3d 886, 888 [2008]). In addition, although his testimony differed from that of the victim as to minor details, a bystander also saw defendant holding one hand in his pocket. Furthermore, third-degree robbery requires the use of some type of force, and while there was evidence that defendant pushed the victim against a wall at the inception of the incident, there was nothing to suggest that he compelled her to go to a bank and withdraw money by any means other than simulating the presence of a firearm and placing her in reasonable fear of being shot.

The court properly exercised its discretion (see CPL 240.70 [1]) when it declined to preclude, on the ground of improper disclosure, the introduction of defendant's arrest photograph, which depicted defendant wearing distinctive clothing that was relevant to the issue of identity. This photograph had been introduced at defendant's first trial. Shortly before the instant retrial, the prosecutor advised defense counsel of his intention to introduce certain photographs, not including the photograph at issue. The prosecutor then told the court and counsel that, although he had been unable to locate some exhibits from the first trial, no additional photographs would be used. Nevertheless, the prosecutor located the arrest photo and introduced it. We conclude that there was neither bad faith nor prejudice. Defense counsel's conclusory and unsubstantiated assertion that, had he known this damaging evidence would be admitted, he would have not pursued a misidentification defense did not warrant preclusion of the photograph. There is no reason to believe that earlier disclosure of the prosecutor's intent to use this photo would have changed the defense strategy.

Defendant's hearsay and Confrontation Clause claims regarding a communication between a police officer and a nontestifying declarant are unpreserved (see e.g. People v Fleming, 70 NY2d 947, 948 [1988]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Rather than being received for its truth, this evidence was received, with proper limiting instructions, for the legitimate, nonhearsay purpose of completing the narrative of events and explaining police actions (see People v Tosca, 98 NY2d 660 [2002]). Concur—Gonzalez, P.J., Sweeny, Buckley, Renwick and Freedman, JJ.