Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered February 17, 2011, convicting him of burglary in the second degree, resisting arrest, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, on the law, by vacating the conviction of criminal mischief in the fourth degree and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
On December 2, 2009, at around 4:00 a.m., a resident of Queens County saw an intruder trying to break into a neighboring house through its front window, in which there was an air conditioner, and summoned the police. The former resident homeowner had recently relocated to a nursing home, leaving *973 e house in a neat and orderly condition. When the police arived in response to a 911 emergency call, they found the front window broken, the air conditioner on the floor of the living oom, and the house in disarray. On the second floor, they found he defendant under a bed.
At trial, the Supreme Court properly admitted arrest photographs of the defendant into evidence to clarify a disputed issue regarding his appearance on the night of his arrest (see People v McNeil, 63 AD3d 551 [2009]; People v Smith, 254 AD2d 192 [1998]). Contrary to the defendant’s contention, he was not excluded from the discussion between the court and counsel regarding the admission of these photographs into evidence (see People v Roman, 88 NY2d 18, 27 [1996]; People v Torres, 61 AD3d 489 [2009]). The court also properly allowed into evidence the tape recording of the 911 call, which reported the intrusion as a present sense impression and was sufficiently corroborated by the testimony at trial of the caller and the police officers who responded to the 911 call (see People v Brown, 80 NY2d 729, 734 [1993]; People v Robinson, 282 AD2d 75, 82 [2001]).
The Supreme Court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) struck an appropriate balance between the probative value of allowing inquiry into certain of the defendant’s prior convictions against the prejudice to the defendant resulting from that inquiry (see People v Cruz, 21 AD3d 967 [2005]; People v Clarke, 265 AD2d 566 [1999]).
Although use of the term “conspiracy” to characterize the defense is disapproved, this and other comments made by the prosecutor on summation were in response to defense counsel’s summation or were rhetorical comments which did not deprive the defendant of a fair trial (see People v Hayes, 48 AD3d 831 [2008]; People v Colonna, 135 AD2d 724 [1987]; People v Cowan, 111 AD2d 343, 345 [1985]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), the defendant’s guilt of burglary in the second degree was established by legally sufficient evidence (see Penal Law § 140.25 [2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt of burglary in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643 [2006]).
*974 For a defendant to be found guilty of criminal mischief in th fourth degree, the People must prove that the defendan intentionally damaged the property of another person without either the right to do so or reasonable grounds to believe that he or she had such a right (see Penal Law § 145.00 [1]; People v Hills, 95 NY2d 947, 948 [2000]). Here, the indictment charged that the defendant intentionally damaged the homeowner’s air conditioner. However, there was no proof adduced at trial of damage to the air conditioner. Accordingly, the defendant’s conviction of criminal mischief in the fourth degree and the sentence imposed thereon must be vacated, and that count of the indictment must be dismissed (see People v Harris, 72 AD3d 1110 [2010]; People v Mingo, 66 AD3d 1043 [2009]).
The defendant’s contention with respect to the Supreme Court’s instruction to the jury regarding the charge of criminal mischief in the fourth degree has been rendered academic in light of our determination. Rivera, J.E, Dillon, Chambers and Hinds-Radix, JJ., concur.