■ In the Matter of Leonce K.O., a Person Alleged to be a Juvenile Delinquent, Appellant. [982 NYS2d 571]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Leonce K.O. appeals from an order of disposition of the Family Court, Kings County (McElrath, J.), dated March 6, 2013, which, upon a fact-finding order of the same court dated December 20, 2012, made after a hearing, finding that he had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted robbery in the second degree, and attempted grand larceny in the fourth degree, adjudged him to be a juvenile delinquent, and placed him on probation until February 14, 2015. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of Janmalone R.*, 112 AD3d 833, 834 [2013]; *cf.* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted robbery in the second degree (*see Matter of Anthony S.*, 112 AD3d 948, 948 [2013]; *Matter of India G.*, 40 AD3d 856, 857 [2007]), and attempted grand larceny in the fourth degree (*see Matter of India G.*, 40 AD3d at 857; *Matter of Willie W.*, 32 AD3d 479, 480 [2006]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Victor I.*, 57 AD3d 779, 779-780 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satis-

fied that the Family Court's fact-finding determination was not against the weight of the evidence (*see Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Romero*, 7 NY3d 633 [2006]).

Contrary to the appellant's contention, the Family Court providently exercised its discretion in adjudicating him a juvenile delinquent and placing him on probation until February 14, 2015, instead of directing an adjournment in contemplation of dismissal (*see* Family Ct Act § 315.3; *Matter of Jesus S.*, 104 AD3d 694, 695 [2013]). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his first encounter with the law (*see Matter of Uriah D.*, 74 AD3d 1194, 1195 [2010]; *Matter of Nikita P.*, 3 AD3d 499, 501 [2004]). The disposition was appropriate in light of, among other things, the seriousness of the offense, and the appellant's failure to take responsibility for his actions (*see Matter of Jesus S.*, 104 AD3d at 695; *Matter of Uriah D.*, 74 AD3d at 1195).

Under the circumstances of this case, the appellant's remaining contention is without merit. Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.