People v Quinn (2016 NY Slip Op 02855)





People v Quinn


2016 NY Slip Op 02855


Decided on April 13, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 13, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2012-09963
 (Ind. No. 11773/08)

[*1]The People of the State of New York, respondent,
v Joshua Quinn, appellant.


Lynn W. L. Fahey, New York, NY (David P. Greenberg of counsel), for appellant.
Kenneth P. Thompson, District Attorney, Brooklyn, NY (Leonard Joblove and Lori Glachman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered September 28, 2012, convicting him of burglary in the third degree, petit larceny, criminal mischief in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court properly admitted into evidence a recording of a 911 call under the present sense impression exception to the hearsay rule. Contrary to the defendant's contention, the 911 call, which reported the burglary, was sufficiently corroborated by the testimony at trial of the caller and the police officers who responded to the 911 call (see People v Brown, 80 NY2d 729, 734; People v Ross, 112 AD3d 972; People v Robinson, 282 AD2d 75, 82).
BALKIN, J.P., SGROI, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court