■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONELL JENKINS, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered May 22, 1978, convicting him of robbery in the first degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Police responding to a call of a possible robbery in progress at a service station in the early hours of August 9, 1977, found two men suspiciously walking away from the premises. Immediately upon apprehending the suspects for investigation, the service station attendant, Walter Holsten, emerged from the manager's office and informed the police that these two men had just "robbed" the station. Pointing to the defendant, Holsten stated, "He's the one—he got the money and he had a knife." The police, upon arresting defendant could find no knife in his possession, although they did find the cash proceeds of the robbery. Instead, a wooden-handled "007" knife, which defendant purportedly had held to the complainant's stomach in the course of the robbery, was found on the safe in the manager's office of the service station. Defendant was indicted for, *inter alia,* robbery in the first degree (Penal Law, § 160.15, forcible stealing of property while armed with a deadly weapon, to wit, the knife). At the trial it was brought out that the police subjected the knife to fingerprint analysis but failed to ascertain the presence of defendant's fingerprints on either the handle or the blade. Furthermore, the complainant Holsten testified that the robbery began when the defendant physically "grabbed" hold of his shoulder while he was sitting in a chair in front of the manager's office and then ordered him into the office. At the conclusion of testimony, defense counsel made a timely request that the trial court charge robbery in the third degree (Penal Law, § 160.05, forcible stealing of property) as a lesser included offense of robbery in the first degree (see CPL 1.20, subd 37). The trial court refused such a charge, essentially on the ground that by no

view of the evidence could the defendant be convicted of the lesser offense without also being convicted of the greater (see CPL 300.50, subd 1). The jury returned a verdict of guilty, *inter alia*, on the charge of robbery in the first degree and the defendant appeals. We hold that upon this record, the trial court committed reversible error in failing to charge robbery in the third degree as a lesser included offense of robbery in the first degree. The Court of Appeals has consistently observed that a trial court is *required* to charge a lesser included offense unless it can be said that the evidence is so conclusive that "every possible hypothesis" but guilt of the greater crime is excluded (see *People v Johnson*, 45 NY2d 546, 549, citing *People v Henderson*, 41 NY2d 233, 236, and *People v Schuman*, 37 NY2d 302, 304; see, also, *People v Discala*, 45 NY2d 38, 43). Furthermore, in determining whether the evidence warrants the charge of the lesser included offense, it is well settled that the trial court "must view the evidence in a light most favorable to the defendant" *(People v Johnson, supra,* p 549). In the case at bar, in refusing to submit robbery in the third degree as a lesser included offense of robbery in the first degree, the trial court in effect ruled that there existed no probability that, viewed in a light most favorable to the defendant, the jury could have found that this was a robbery without also finding that the robbery had been committed at knifepoint. We disagree and therefore remand for a new trial. The knife was found on the safe in the manager's office and not on the person of the defendant. No fingerprints were found on either the blade or the handle unequivocally linking the knife to the defendant. Further, the police never saw defendant actually drop it in the office. Finally, Holsten testified that defendant began the robbery by physically "grabbing" him by the shoulder. Upon final analysis, the only evidence connecting defendant with the knife was the uncorroborated testimony of Holsten. Therefore, the jury could well have concluded without "resort to sheer speculation" that the element of force utilized in committing the robbery was the physical grabbing of Holsten by defendant and not the knife (cf. *People v Bracey*, 41 NY2d 296, 302). Consequently, the submission of the lesser included offense was mandatory, and the refusal constituted reversible error requiring a new trial (see *People v Freeman*, 22 NY2d 526). We note also that the trial court committed a further reversible error in failing to comply with the timely request of defense counsel to charge that "the People have the burden of proving every element of the crimes charged beyond a reasonable doubt" *(People v Newman,* 46 NY2d 126, 128). Rabin, Gulotta and Shapiro, JJ., concur.

O'Connor, J. P., concurs as to the reversal of the judgment and the ordering of a new trial, but does so only on the second ground stated by the majority of the court, that is that the trial court should have charged the jury that the People have the burden of proving every element of the crimes charged beyond a reasonable doubt.