■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LESTER FORD, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Sharpe, J.), dated November 13, 1980, which, after a hearing, granted defendant's motion to suppress physical evidence. Order reversed, on the law, and motion to suppress denied. Responding to a radio call of "men with guns" at a particular location, the police observed five males standing on the front porch of the house. Upon seeing the police, two of the men, including the defendant, quickly entered the house. Immediately thereafter, a gun was thrown out the door and landed on the front lawn. The police could not see who

had thrown the gun. The gun was retrieved by the officers, who subsequently entered the premises and arrested the defendant. Defendant moved to suppress the physical evidence, to wit, the gun, and the court granted the motion on the ground that there was an insufficient nexus between the gun and the defendant, inasmuch as the police did not see the defendant possess or throw the weapon out the door. This was error. The question on this motion to suppress goes to the propriety of the seizure of the weapon, not, as the trial court erroneously decided, to the propriety of the defendant's arrest. Here, the seizure of the gun was made prior to the defendant's arrest, not simultaneously with or incident thereto. The true question is whether the gun was abandoned and found by the police in plain view. We hold that it was. This case is distinguishable from *People v Howard* (50 NY2d 583) where the defendant, during a pursuit by the police, placed the case he was carrying in a rubbish pile so as to free his hands to aid in his escape. Here, whoever threw the gun out the door engaged in an independent act involving a calculated risk that the weapon would be retrieved (see *People v Boodle,* 47 NY2d 398). There was a valid waiver of constitutional expectations of privacy, and hence, the gun should not have been suppressed. Whether there was a sufficient connection between the gun and defendant so as to sustain a conviction is an issue which cannot be determined at this juncture, and we decline to approach it prior to trial. Damiani, J. P., Gulotta, O'Connor and Thompson, JJ., concur.