■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS RUIZ, Appellant. [628 NYS2d 80] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered July 11, 1992, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 4 to 12 years, is affirmed.

The trial court did not err in refusing to charge robbery in the third degree as a lesser included offense of robbery in the first degree since there was no reasonable view of the evidence that defendant committed the lesser offense but not the greater (*see, People v Glover*, 57 NY2d 61, 63-64). The complainant's

testimony at trial that defendant hid his hand inside his winter coat and threatened that he was going to shoot the complainant if he did not give defendant his money clearly established that defendant displayed what appeared to be a firearm for purposes of Penal Law § 160.15 (4) *(People v Lopez,* 73 NY2d 214). Despite defendant's testimony that he was given the money as repayment of a loan, and no robbery took place, the jury could not have rationally concluded that defendant committed the lesser crime but not the greater; rather, they would have simply acquitted the defendant *(People v Scarborough,* 49 NY2d 364). Where, as here, "there is not some identifiable, rational basis on which the jury could reject a portion of the prosecution's case which is indispensable to establishment of the higher crime and yet accept so much of the proof as would establish the lesser crime, then the lesser included offense may not be submitted" *(supra,* at 369-370).

We do not perceive any abuse of discretion in the sentence imposed. Concur—Ross, Asch and Nardelli, JJ.

Murphy, P. J., and Rosenberger, J., dissent in a memorandum by Rosenberger, J., as follows: I would reverse the judgment convicting the defendant of first degree robbery, on the law, and remand for a new trial, on the grounds that the court's refusal to submit third degree robbery to the jury as a lesser included offense deprived the defendant of a fair trial.

The complainant's trial testimony indicated that he was confronted by the defendant who had his hand in his pocket, that the defendant said he had a gun, and threatened to shoot if the complainant did not give up his money. The complainant gave the defendant four quarters, and the defendant grabbed a kitchen fan which the complainant was carrying. There was no testimony from the complainant that the defendant's jacket appeared to contain a gun. The defendant testified that the complainant owed him money, and that he took the four quarters and the fan to secure the debt. No weapon was recovered.

The indictment charged the defendant with first degree robbery on the theory that during the commission of the robbery, the defendant displayed what appeared to be a weapon (Penal Law § 160.15 [4]). At the close of trial, the court indicated that it planned to charge first degree robbery, and the lesser included offense of second degree robbery, premised upon the affirmative defense that no operable weapon was displayed (Penal Law § 160.10). The defendant requested a charge of third degree robbery (Penal Law § 160.05), which the trial court refused, on the grounds that he was precluded from concur-

rently submitting both the affirmative defense and the third degree offense. The jury returned a verdict of guilty on the charge of robbery in the first degree and the defendant appeals.

The trial court's conclusion that it could not simultaneously charge the lesser included offenses of both second and third degree robbery was erroneous (CPL 1.20 [37]; art 300). These charges are not mutually exclusive.

As the jury could well have concluded, based upon the whole or any part of the total proof *(People v Freeman,* 22 NY2d 526, 532; *People v Valle,* 15 NY2d 682), and "without 'resort to sheer speculation' ", that while the defendant may have made a verbal threat, he did not display what appeared to be a weapon *(People v Jenkins,* 67 AD2d 932, 933), the submission of the lesser included offense of third degree robbery, upon timely request, was mandatory, and the refusal constituted reversible error requiring a new trial *(see, People v Freeman, supra).*