■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO BRANFORD, Appellant. [631 NYS2d 844] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered September 30, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 5 to 10 years and 2 to 4 years, respectively, unanimously affirmed.

There is no merit to defendant's claim that a mistrial should have been declared when a prosecution witness stated, in response to a defense question, that he had seen defendant's parole papers. The comment was fleeting, and any prejudice was dispelled by the court's sustaining of defense counsel's objection to the witness's answer and instruction to the jury to disregard it (*People v Owens*, 214 AD2d 480; *People v Maisonet*, 209 AD2d 297, 298, *lv denied* 85 NY2d 864). Nor does the record support defendant's claim, which might have been better developed by a postjudgment motion pursuant to CPL 440.10 (*see, People v Love*, 57 NY2d 998, 1000), that a court officer was present in the jury room during deliberations involving experimentation with the gun seized from defendant upon his arrest, or that such presence, assuming it to be a fact, was other than ministerial in nature, and therefore improper (CPL 310.10; *People v Buxton*, 192 AD2d 289, *lv denied* 82 NY2d 752). We have reviewed defendant's claim that he was denied a fair trial by the prosecutor's summation, and find it unpreserved as a matter of law and in any event without merit. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.