■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO BONILLA, Appellant. [683 NYS2d 7] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered May 12, 1994, convicting defendant, after a jury trial, of criminal sale

of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied. On appeal, defendant claims that 201 days should have been charged to the People. However, defendant includes in this computation, without advancing any argument for includability, the 21-day adjournment from June 9, 1992 to June 30, 1992, which the minutes explicitly reveal to be a consent adjournment. Deduction of this clearly excludable period from defendant's computation is sufficient by itself to lower the includable time below the applicable threshold of 184 days. Moreover, the remaining periods challenged on appeal were properly found to be excludable.

Defendant was not prejudiced by the delayed disclosure of the altered photocopy disclosed by the People at trial since it was produced during direct examination of the officer in question and defendant was able to cross-examine the officer thoroughly about the altered document and to exploit the delayed exposure by attacking the credibility of the officer who had made the alteration. The court properly denied defendant's application for an adverse inference charge, there being no basis for such a charge in this case. Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.