■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN P. MCCORKLE, JR., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM JAMISON, Appellant. [709 NYS2d 519] —Judgments, Supreme Court, Bronx County (Alexander Hunter, Jr., J.), rendered as to defendant Norman P. McCorkle, Jr. on June 16, 1995, and as to defendant Adam Jamison on September 27, 1995 (as amended on or about January 20, 1999), convicting defendants, after a joint jury trial, of robbery in the first and second degrees, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, and sentencing McCorkle, and re-sentencing Jamison, as a second felony offender, to concurrent terms of 9 to 18 years, 6 to 12 years, 1½ to 3 years, and 1 year, respectively, unanimously affirmed.

Order, same court and Justice, entered on or about November 27, 1995, which denied defendant Jamison's motion pursuant to CPL 440.10 to vacate his judgment of conviction, unanimously affirmed.

Defendant McCorkle's suppression motion was properly

denied in all respects. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record. The showup identification was conducted in very close temporal and spatial proximity to the crime and was not rendered unduly suggestive by the fact that McCorkle was handcuffed, kneeling, and in the presence of officers, or by the complainant's awareness of the purpose of the showup, since the showup was the culmination of an unbroken chain of fast-paced events (*see, People v Duuvon*, 77 NY2d 541; *People v Smith*, 271 AD2d 332). A fair reading of the record fails to support McCorkle's claim that the police directed the complainant to identify him.

The court clearly instructed the jury that it had to weigh the evidence separately as against each defendant and render separate verdicts (*see*, CPL 300.10 [4]).

The portions of the prosecutor's summation challenged by defendant McCorkle were fair responses to issues raised by the defense and did not constitute a pattern of egregious conduct warranting reversal (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

Defendant Jamison was not deprived of meaningful representation by his counsel's isolated intemperate remark during voir dire concerning certain venirepersons with whom counsel was displeased. In context, this remark was not directed at the entire panel, but at particular members, all of whom were excused for cause. Jamison's claim that counsel offended the entire panel to his client's detriment is unsupported by the record. We further conclude that the existing record establishes that Jamison's counsel, after careful consideration, made an appropriate determination that a speedy trial motion would be unavailing.

Since defendant Jamison did not object or move to strike, and instead made extensive use on cross-examination of the allegedly offending testimony, his belated mistrial motion failed to preserve his claims that the unexpected in-court identification of Jamison by the complainant, made after the People had maintained that the complainant was unable to identify him, violated CPL 710.30 (1) (b) and caused him unfair surprise. We decline to review these unpreserved claims in the interest of justice. Were we to review them, we would find that Jamison was not entitled to a mistrial. There was no violation of the notice requirement, because, as the record establishes, the complainant never made an out-of-court identification. While there was some confusion as to what occurred at the showup

(*see, People v Gholston*, 178 AD2d 546, *lv denied* 79 NY2d 947), it is clear that, as a result of Jamison's body movements in the police car, the complainant did not see Jamison's face and identified him solely on the basis of his clothing. Jamison was not prejudiced by the unexpected identification, since his counsel vigorously cross-examined the complainant and exploited all the relevant circumstances to his advantage (*see, People v Bonilla*, 256 AD2d 221; *see also, People v Brown*, 267 AD2d 93). In any event, there was overwhelming circumstantial evidence of Jamison's guilt independent of the complainant's identification.

Defendants' remaining contentions, including those contained in defendant McCorkle's *pro se* supplemental brief, are unpreserved or unreviewable and we decline to review the unpreserved claims in the interest of justice. Were we to review these claims, we would reject them. Concur—Wallach, J. P., Andrias, Saxe and Buckley, JJ.