■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETT SCOTT, Appellant. [714 NYS2d 62] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered March 13, 1997, convicting defendant, after a jury trial, of two counts of robbery in the first degree, and sentencing him, as a second violent felony offender, to consecutive terms of 13 years, and judgment of the same court (Edwin Torres, J.), rendered March 18, 1997, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree,

and sentencing him, as a second felony offender, to a concurrent term of 4½ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility.

The court properly exercised its discretion in denying defendant's request for dismissal of a panel of prospective jurors made on the ground that the panel may have heard allegedly prejudicial comments made by another prospective juror during a conference at the bench. The court found that based on the tone of the juror's voice and her location and position with respect to the other prospective jurors, it was impossible for the others to have heard the comments, and the court's findings are entitled to great weight on appeal. Defendant's argument that the court should have conducted an inquiry of the other prospective jurors to determine whether they heard the remarks in question, and, if so, whether such remarks would affect their deliberations, is unpreserved since no such inquiry was requested, and we decline to review this contention in the interest of justice. Were we to review this claim, we would find that although it would have been the better practice to conduct such an inquiry, the court's own observations sufficed under the circumstances. Moreover, the ambiguous comments of the discharged prospective juror at the bench neither suggested defendant's involvement in this or any other crime nor presented any potential for substantial prejudice to defendant (*see, People v Ayuso*, 254 AD2d 26, *lv denied* 92 NY2d 1028; *People v Ali*, 241 AD2d 321, *lv denied* 90 NY2d 1009).

Since the only objections made by defendant were general objections, defendant has failed to preserve his contentions with respect to the prosecutor's summation (*People v Balls*, 69 NY2d 641), and we decline to review them in the interest of justice. Were we to review such claims, we would find that the summation did not deprive defendant of a fair trial. While some of the prosecutor's comments were overly dramatic and others were better left unsaid, there was no pattern of inflammatory, prejudicial remarks and reversal is unwarranted (*People v D'Alessandro*, 184 AD2d 114, *lv denied* 81 NY2d 884).

The court properly exercised its discretion in denying defendant's mistrial motion made after a police witness mentioned defendant's identification from a photo array. This brief remark, unexpected by the prosecutor, and followed by prompt curative instructions from the court, did not unduly prejudice defendant (*see, People v Branford*, 220 AD2d 203, *lv denied* 87 NY2d 1017). The fact that mention of a photo array

may have suggested to the jury that defendant had a prior record was completely harmless, since defendant testified on his own behalf and his prior record was elicited at length.

We perceive no abuse of sentencing discretion and conclude that the sentence was not based on any improper criteria.

We have considered and rejected defendant's remaining claims. Concur—Tom, J. P., Mazzarelli, Lerner, Rubin and Friedman, JJ.