Adam A. JAMISON,

v.

James G. BERBARY, Superintendent, Collins Correctional Facility, Respondent

No. 01CIV5547RMBAJP.

United States District Court, S.D. New York.

Dec. 18, 2002.

Adam A. Jamison, Moravaia, NY, for Pro se.

## ORDER

BERMAN, District Judge.

### I. Background

On or about June 19, 2001, Petitioner Adam A. Jamison ("Petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his September 27, 1995 conviction for robbery, grand larceny and possession of stolen property in Supreme Court, Bronx County. N.Y. Penal Law §§ 160.15(4), 160.10(1), 155.30(5), 165.40.

On May 30, 2000, Petitioner's state court conviction was affirmed by the Appellate Division, First Judicial Department, *People v. McCorkle*, 272 A.D.2d 273, 709 N.Y.S.2d 519 (1st Dep't 2000). On September 20, 2000, the New York Court of Appeals denied leave to appeal. *People v. Jamison*, 95 N.Y.2d 890, 715 N.Y.S.2d 382,

---

738 N.E.2d 786 (2000); *see also People v. McCorkle,* 95 N.Y.2d 936, 721 N.Y.S.2d 612, 744 N.E.2d 148 (2000).

On May 15, 2002, Magistrate Andrew J. Peck, to whom the Petition had been referred, issued a thorough and detailed report and recommendation ("Report") recommending that the Court "deny Jamison's habeas corpus petition and deny a certificate of appealability." Report at 52. On June 6, 2002, Petitioner filed objections ("Petitioner's Objections") to the Report. On June 12, 2002, this Court received a letter from Respondent ("Respondent's Letter"), responding to Petitioner's Objections.

## II. Standard of Review & Analysis

Having conducted a *de novo* review of the record herein, including, among other things, the Report, Petitioner's Objections, Respondent's Letter, and applicable legal authorities, and recognizing the leniency which should be afforded to *pro se* litigants, *Bey v. Human Resources Admin.,* 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999), the Court adopts the Report in its entirety and dismisses the Petition.[1] Because Petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *see United States v. Perez,* 129 F.3d 255, 260 (2d Cir.1997).

## III. Order

The Petition is dismissed and the Clerk of Court is respectfully requested to close this case.

---

[1]. As to any portions of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. *See Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y.1991). Any objections which are not specifically discussed in this Order have been considered *de novo* and rejected.