■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHIL VINCENTE, Appellant. [772 NYS2d 47]—

Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered October 29, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, and sentencing him to concurrent terms of 15 years to life, unanimously affirmed.

The court properly exercised its discretion in precluding testimony as to a statement made by an accomplice who testified against defendant, since the statement was ambiguous and its value was for cumulative impeachment purposes (*see People v Duncan*, 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]). The statement did not exculpate defendant, given the circumstances of the crime as well as the statement's ambiguity, and it was not admissible as an admission or declaration against penal interest. In any event, were we to find the court's ruling to be error, we would find it to be harmless in light of the overwhelming evidence of defendant's guilt, including the records of defendant's numerous telephone calls. Defendant's claim that he had a constitutional right to introduce this evidence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

As the trial court found in denying defendant's motion to set aside the verdict (CPL 330.30 [3]), the evidence subpoenaed after trial would not have affected the verdict (*see People v Salemi*, 309 NY 208, 215-216 [1955], *cert denied* 350 US 950 [1956]). Accordingly, counsel's failure to obtain such evidence earlier did not constitute ineffective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Mazzarelli, J.P., Williams, Friedman and Gonzalez, JJ.