■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PAREDES, Appellant. [804 NYS2d 6]—

Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered July 15, 2003, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

To the extent the existing record permits review, it establishes that defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's assertion that his counsel was ineffective for failing to assert sufficient facts to warrant a suppression hearing is unavailing, since the record provides no basis upon which he could have asserted a right to suppression of the evidence. Defendant had no reasonable expectation of privacy in the bag he abandoned, in which cocaine could be seen in plain view (*see People v Ramirez-Portoreal*, 88 NY2d 99 [1996]).

Defendant's claim that counsel behaved inappropriately toward a potential juror, and throughout the trial, is unsupported by the record. While one potential juror felt that she was spoken to inappropriately, she was excused for cause and could not have tainted the trial (*see People v McCorkle*, 272 AD2d 273, 274 [2000], *lv denied* 95 NY2d 936 [2000]). There is no other evidence of offensive conduct.

Defendant's challenge to counsel's decision to introduce defendant's prior arrest would require a CPL 440.10 motion in

order to expand the record as to counsel's strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]). In any event, a legitimate strategic reason for this action appears on the record, as indicated in counsel's summation.

Defendant's assertion that trial counsel lied to the court about certain photographs he claimed to have taken but lost is not reviewable on the present record, and would require a CPL 440.10 motion (*see People v Love*, 57 NY2d 998 [1982]) in order to give counsel an opportunity to explain what photographs he was referring to, whether they were the same photographs which formed the basis of defendant's CPL 330.30 motion, and the circumstances of their production and loss. To the extent the existing record permits review of this claim, it establishes that none of counsel's alleged misconduct regarding photographs could have caused defendant any prejudice. Even assuming that the photographs at issue were the same as those supplied by subsequent counsel in connection with the CPL 330.30 motion, we conclude that these photographs did not materially contradict the People's evidence and that they had little or no exculpatory value.

Similarly, the court properly denied defendant's CPL 330.30 motion to set aside the verdict, in which he alleged both newly discovered evidence and ineffective assistance of counsel. As previously noted, the photographs that defendant presented as newly discovered evidence had no significant exculpatory value and did not create a probability, or even a reasonable possibility, of affecting the verdict (*see People v Salemi*, 309 NY 208, 215-216 [1955], *cert denied* 350 US 950 [1956]; *People v Vincente*, 4 AD3d 217, 218 [2004], *lv denied* 3 NY3d 649 [2004]), and counsel's failure to introduce these photographs at trial did not deprive defendant of effective assistance. Concur—Tom, J.P., Marlow, Ellerin, Williams and McGuire, JJ.