■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARRIEM PEARSON, Appellant. [866 NYS2d 207]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered August 21, 2006, as amended August 28, 2006, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Aloise, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment, as amended, is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence without conducting a hearing (*see* CPL 710.60 [3] [a]), where the defendant failed to make sufficient allegations of

standing (*see People v Ramirez-Portoreal,* 88 NY2d 99, 109-110 [1996]; *People v Perez,* 257 AD2d 637, 638 [1999]).

Contrary to the defendant's contention, his right to be present during all critical stages of the trial was not violated when a court officer entered the jury room to supervise and instruct the jurors regarding the handling of a gun, an exhibit at trial which they had requested, since the officer was performing a ministerial task (*see* CPL 310.10; *People v Kelly,* 11 AD3d 133, 143-144 [2004], *affd* 5 NY3d 116 [2005]; *People v Rutkoski,* 225 AD2d 638, 639 [1996]; *People v Branford,* 220 AD2d 203 [1995]; *People v Buxton,* 192 AD2d 289, 293 [1993]). The defendant was present when the court read the jury's request for "all exhibits including the gun" and "if possible the feel of it," and he was also present when the jury was returned to the courtroom and instructed to "follow . . . the officer's exact instructions regarding the weapon" (*see* CPL 310.30).

The defendant was properly sentenced as a second violent felony offender based on a prior Pennsylvania conviction of aggravated assault (*see* 18 Pa Cons Stat § 2702 [a] [4]). Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur.