Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered February 10, 2011, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of eight years, unanimously affirmed.
The court properly declined to charge petit larceny as a lesser included offense since there was no reasonable view of the evidence, viewed most favorably to defendant, that he stole merchandise, but did not use force to retain it. Nothing in the People’s case supported such a theory (see People v Negron, 91 NY2d 788 [1998]), and under the version of the incident presented in his own testimony, defendant did not commit any larceny at all, but was instead attempting to buy the merchandise (see People v Ruiz, 216 AD2d 63 [1995], affd 87 NY2d 1027 [1996]). There was no rational basis for the jury to find that defendant stole the merchandise, but changed his mind and used force only to “return” it.
Defendant’s legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established the element of physical injury (see e.g. People v Wise, 99 AD3d 584, 585 [1st Dept 2012], lv denied 21 NY3d 1011 [2013]). In this regard, we find no basis for disturbing the jury’s credibility determinations with respect to the testimony of the victim and an eyewitness. The evidence supports the conclusion that the victim’s injuries were more than mere “petty slaps, shoves, kicks and the like” (Matter of Philip A., 49 NY2d 198, 200 [1980]), and that they caused “more than slight or trivial pain” (People v Chiddick, 8 NY3d 445, 447 [2007]; see also People v Guidice, 83 NY2d 630, 636 [1994]).
We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.E, Acosta, Moskowitz, Manzanet-Daniels and Gische, JJ.