Judgments, Supreme Court, New York County (Renee A. White, J.), rendered November 9, 2010, convicting both defendants, after a jury trial, of robbery in the second degree (four counts) and burglary in the second degree, and sentencing defendant Negron, as a second violent felony offender, to concurrent terms of 15 years, and sentencing defendant Jiminez, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.
The court properly exercised its discretion in precluding defendants from introducing a portion of the prosecutor’s paralegal’s notes of an interview with a nontestifying victim. These notes were inadmissible under any hearsay exception, even if defendants had called the paralegal as a witness. Since defendants did not assert any constitutional right to introduce the precluded evidence, they did not preserve their constitutional claim (see People v Lane, 7 NY3d 888, 889 [2006]; see also Smith v Duncan, 411 F3d 340, 348-349 [2d Cir 2005]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Defendants did not make an adequate showing that this evidence was reliable, or that it was critically exculpatory (see Chambers v Mississippi, 410 US 284 [1973]; People v Robinson, 89 NY2d 648, 654 [1997]; People v Burns, 18 AD3d 397 [2005], affd 6 NY3d 793 [2006]). There was nothing directly exculpatory about the excluded comment, which, at most, tended to contradict a minor aspect of the People’s case. Similarly, any error in the exclusion of this evi *599 dence was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The court properly declined defendants’ request to charge petit larceny as a lesser included offense of a particular robbery count. There was no reasonable view of the evidence, viewed most favorably to defendants, that they took property, but did so without using force. Nothing in either the prosecution or defense cases supported such a theory (see People v Negron, 91 NY2d 788 [1998]; People v Ruiz, 216 AD2d 63 [1995], affd 87 NY2d 1027 [1996]). Since defendants clearly limited their request to only one robbery count, the claim is unpreserved with respect to the other robbery counts, and we decline to review it in the interest of justice. As an alternative holding, we reject it for the same reasons.
The loss of a relatively small portion of the stenographic record does not require reversal of defendants’ convictions (see People v Harrison, 85 NY2d 794 [1995]). The court conducted a reconstruction hearing at which various participants in the trial presented their recollections, to the extent possible, of the brief portions of the trial for which minutes are not available. When viewed in light of the presumption of regularity (id. at 796), the facts adduced at the reconstruction hearing regarding the missing pages support an inference that the missing minutes would not have revealed any significant appellate issues.
Defendant Jiminez did not preserve his claim that the admission at trial of the conditional examinations of two witnesses, without proof of the witnesses’ unavailability, violated his right of confrontation and the requirements of CPL 670.10 (1), and we decline to review it in the interest of justice. It was Jiminez’s counsel who initially proposed the taking of the conditional examinations of the two California residents, and he made no objection when they were received at trial. Thus, Jiminez effectively stipulated to the use of the examinations, thereby relieving the People of their burden of showing unavailability.
We perceive no basis for reducing the sentences.
Defendant Jiminez’s pro se ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since Jiminez has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. We have considered and rejected Jiminez’s remaining pro se claims.
Concur—Renwick, J.E, Richter, Manzanet-Daniels, Feinman and Gische, JJ.