THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COLEMAN, Appellant. [3 NYS3d 130]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered May 17, 2011, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The

appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The County Court did not err in denying that branch of the defendant's omnibus motion which was to suppress a gun found in a backpack thrown off of a landing by the defendant. The police had an objective, credible reason to approach the group on the landing, which included the defendant, to request information (*see People v Riddick*, 70 AD3d 1421 [2010]). Before the police officers could ask any questions, an officer saw the defendant throw a book bag over the railing, and when it landed, the officer saw the barrel and part of the magazine of a gun protruding from the bag. In throwing the bag, the defendant engaged in an independent act involving a calculated risk that the weapon would be retrieved (*see People v Boodle*, 47 NY2d 398, 404 [1979]). As the defendant's abandonment of the property was not precipitated by any illegal police conduct, the County Court properly declined to suppress the gun (*see id.*; *People v Mack*, 89 AD3d 864, 865 [2011]; *People v Davis*, 78 AD3d 724, 725 [2010]; *People v Ford*, 82 AD2d 923, 924 [1981]).

The County Court did not err in denying defense counsel's application to admit the out-of-court statement of an unavailable witness pursuant to the declaration against penal interest exception to the hearsay rule (*see generally People v Shabazz*, 22 NY3d 896, 898 [2013]). Contrary to the defendant's contention, the portion of the statement that was against the declarant's penal interest was not relevant to the issues at trial and did not exculpate the defendant (*see People v Burns*, 6 NY3d 793, 794 [2006]; *People v Negron*, 117 AD3d 598 [2014]; *People v Vincente*, 4 AD3d 217 [2004]).

The defendant's contention that he was deprived of his constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012];

*People v Maxwell*, 89 AD3d at 1109). Although the defendant made a post-conviction motion to vacate the judgment pursuant to CPL article 440, the issues raised in that motion are not properly before us, as he was denied leave to appeal from the denial of that motion (*see People v DeLuca*, 45 AD3d 777, *People v Rivas*, 206 AD2d 549 [1994] [2007]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit (*see People v Scott*, 276 AD2d 371 [2000]). Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.