People v Yarbrough (2021 NY Slip Op 02878)





People v Yarbrough


2021 NY Slip Op 02878


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Manzanet-Daniels, J.P., Kern, González, Shulman, JJ. 


Ind No. 5273/12 Appeal No. 13499 Case No. 2015-289 

[*1]The People of the State of New York, Respondent,
v
Robert Yarbrough, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Steven R. Berko of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered August 11, 2014, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree (two counts) and resisting arrest, and sentencing him, as a persistent violent felony offender, to an aggregate term of 44 years to life, unanimously affirmed.
The court correctly declined to submit robbery in the third degree as a lesser included offense of the first and second-degree robbery charges contained in the indictment. There was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support a finding that he took property from either of the two victims by force, but without displaying what appeared to be a firearm and without the aid of another person actually present. Defendant testified that in each of the two incidents, the victim voluntarily gave him money or drugs and that he did not take part in any forcible taking at all. The jurors had no rational basis for selectively crediting and discrediting portions of the testimony of the victims and that of defendant, but even if they did, to convict defendant of only third-degree robbery they would still have to speculate that he used some other kind of force for the purpose of taking property. There was nothing in the evidence, or any reasonable inferences therefrom, to support such an alternative scenario (see People v Bonilla, 51 AD3d 585, 585 [2008], lv denied 11 NY3d 734 [2008]; People v Ruiz, 216 AD2d 63 [1st Dept 1995], affd 87 NY2d 1027 [1996]).
We perceive no basis for reducing the sentence. We note that any reduction in defendant's aggregate sentence that might result from application of the capping statute (Penal Law § 70.30[1][e][i]) will be taken into account by the Department of Corrections and Community Supervision in computing time served (see People v Moore, 61 NY2d 575 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021